**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA[1]
Alexandria Division**

| | |
|---|---|
| BOARD OF TRUSTEES,        ) | |
| SHEET METAL WORKERS'      ) | |
| NATIONAL PENSION FUND     ) | |
|            Plaintiff,     ) | |
|                           ) | |
|       v.                  ) | Case No. 06-cv-44 |
|                           ) | |
| COURTAD CONSTRUCTION      ) | |
| SYSTEMS, INC.             ) | |
|            Defendant.     ) | |

### ORDER

The matter is before the Court on plaintiff's petition for an award of attorney's fees and costs, pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2). Plaintiff seeks an award of attorney's fees in the amount of $52,938.50 and costs in the amount of $3,701.67. Defendant argues that the attorney's fees award should be limited to $19,210.20 or less and that costs should be limited to $786.20 or less because of plaintiff's bad faith and misconduct. In particular, defendant argues that plaintiff's award should be reduced by the amount of fees: (i) incurred in filing two frivolous Motions to Quash; (ii) incurred before plaintiff's complaint was filed; (iii) incurred in opposing defendant's Motion for Attorney's Fees and Sanctions; (iv) incurred for duplicative and unnecessary efforts; and (v) incurred in hiring unnecessary local counsel. Additionally, defendant argues that the costs requested are unreasonable and include impermissible charges. At issue, then, is the proper amount of plaintiff's award of attorney's fees and costs.

The legal principles dispositive of a fee petition are well-settled. First, the fee

1

applicant—here, the Board of Trustees—bears the burden of establishing by clear and convincing evidence the amount of a reasonable fee in the circumstances. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The most useful starting point for determining the amount of a reasonable fee" is to determine the lodestar amount, or "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* In this regard, "[p]roper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks." *See EEOC v. Nutri/System, Inc.*, 685 F. Supp. 568, 673 (E.D. Va. 1988). Indeed, fee claimants must submit documentation that reflects "reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity," sufficient to permit the court to weigh the hours claimed and exclude hours that were not "reasonably expended." *Id.* (citing *Hensley*, 461 U.S. at 433). Inadequate documentation includes the practice of grouping, or "lumping," several tasks together under a single entry, without specifying the amount of time spent on each particular task. *See, e.g.*, *In re Great Sweats, Inc.*, 113 B.R. 240, 244 (Bankr. E.D. Va. 1990) (disapproving the practice of "lumping" several tasks under a single entry without specifying the amount of time spent on each task so that no accurate determination of the reasonableness of the time expended can be made); *In re WHET, Inc.*, 58 B.R. 278, 280 (Bankr. D. Mass. 1986) (noting that "lumping" a day's activities makes attorneys' records of absolutely no value for any analytical purpose).

     Lumping and other types of inadequate documentation are thus a proper basis for reducing a fee award because they prevent an accurate determination of the reasonableness of the time expended in a case. Such a reduction can be accomplished in one of two ways: (i) by identifying and disallowing specific hours that are not adequately documented or (ii) by reducing

the overall fee award by a fixed percentage or amount based on the trial court's familiarity with the case, its complexity, and the counsel involved.  *See EEOC*, 685 F. Supp. at 576 (*citing Uzzell v. Friday*, 618 F. Supp. 1222, 1226, 1229 (M.D.N.C. 1985) (fees reduced 25% for attorneys and 35% for paralegals as a result of inadequate documentation)).

The determination of a fee award must also be informed by "other considerations that may lead the district court to adjust the fee upward or downward."*Hensley*, 461 U.S. at 434 (citing *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  Thus, a fee award may be adjusted in light of the twelve *Johnson* factors,[1] or because of the sanctionable and frivolous conduct of the prevailing party.  *Salley v. E. I. Du Pont de Nemours & Co.*, 966 F.2d 1011 (5th Cir. 1992).

Importantly, fixing the appropriate amount of fees to be awarded is, in the end, a matter of judgment, and not merely or solely the result of an arithmetic exercise.  To be sure, the exercise must begin with a consideration of the arithmetic calculation of the lodestar figure.  But, this is only the starting point in the analysis.  Once the lodestar figure is calculated, the district court, as a matter of judgment, must then assess whether that figure should be adjusted, upward or downward, on the basis of all the circumstances in the case, including the *Johnson* factors.  As

---

[1] Specifically, the twelve *Johnson* factors are as follows: (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required properly to perform the legal services; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorneys' professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-19.

one circuit court put it, ultimately, "[t]he matter of attorney fees rests, of course, within the sound discretion of the trial judge, who is in the best position to determine whether, ... [and to what extent], they should be awarded." *Kimberly-Clark Corp. v. Johnson & Johnson*, 745 F.2d 1437, 1458 (Fed. Cir. 1984). And in all instances, it is important to remember that "[a] request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437.

Here, plaintiff's attorneys spent a total of 287.6 hours litigating this case. This hourly total must be multiplied by a "lodestar rate," which is the prevailing market rate for the services rendered. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). Plaintiff's proposed lodestar rates are reasonable given the documentation provided by plaintiff, which indicates that attorneys of comparable experience could command similar hourly rates. Multiplying plaintiff's attorneys' total hours by the applicable lodestar rate yields a total lodestar amount of $52,938.50.

Yet, this does not end the analysis, because plaintiff's fee claim lumps together various tasks under a single entry, without specifying the amount of time spent on each individual task. As such, it is impossible to determine accurately the reasonableness of the time expended for each specific task.[2] Given this, a reduction in the lodestar rate is appropriate. *See, e.g., America*

---

[2] For example, one entry indicates that on May 2, 2006, three hours were spent on "Conferences with MHR and CWO regarding Motion to Quash and related pleadings; draft[ing] proposed order, notice and CWO; revis[ing] Motion and Memorandum in support of motion; review[ing] emails regarding same; draft[ing] cover letter to court; review[ing] docket regarding final pre-trial conference date; conference with CWO and MHR regarding same; prepar[ing] email to Webster, counsel for local union; updat[ing] delinquency report." Additionally, another entry indicates that on June 8, 2006, nearly six hours were spent on "revis[ing] opposition to defendant's motion to strike and motion for continuance; prepar[ing] opposition and motion fo filing; Telephone conference with Rifkind regarding deposition of Hohenberger; Telephone conference with Brady regarding deposition of Hohenberger; Draft[ing] email to Brady regarding documents related to the deposition of Hohenberger; Telephone conference with Ross regarding [sic] left message regarding motion for continuance."

*Online, Inc. v. Bagley*, 2006 WL 1303145 E.D. Va. 2006 (noting that "lumping and other types of inadequate documentation" are a proper basis for a reduction of a fee award); *In re Great Sweats, Inc.*, 113 B.R. 240, 244 (Bankr. E.D. Va. 1990) (disapproving the practice of "lumping" several tasks under a single entry without specifying the amount of time spent on each task so that no accurate determination of the reasonableness of the time expended can be made); *EEOC*, 685 F. Supp. at 576 (*citing Uzzell v. Friday*, 618 F. Supp. 1222, 1226, 1229 (M.D.N.C. 1985) (fees reduced 25% for attorneys and 35% for paralegals as a result of inadequate documentation)). Thus, based on a review of the *Johnson* factors, and based on this Court's familiarity with the case, the issues raised and the proceedings required, as well as the lumping of several tasks, it is appropriate to reduce plaintiff's requested fee award by approximately 55%, to $22,500.00.[3]

With respect to costs, plaintiff has requested costs in the amount of $3,701.67. These costs include charges for internet research, court filing fees, courier expenses, process servers, long distance telephone calls, United Parcel Services, reporting services, photocopying, faxing, postage, travel, and miscellaneous expenses. Defendant argues that these charges are unreasonable and impermissible.

Pursuant to ERISA § 502(g)(2), a successful litigant may recover those costs permitted by 28 U.S.C. § 1920.[4] 29 U.S.C. § 1132(g)(2); *see Stark v. PPM Am. Inc.*, No. 01 C 1494, 2003

---

[3]While defendant argues that the fee award should be reduced further in light of plaintiff's bad faith and misconduct, the record does not disclose any sanctionable and frivolous conduct by plaintiff. *See Salley,* 966 F.2d at 1017 (reducing fee award for conduct sanctionable under Rule 11, Fed.R.Civ.P.) Accordingly, plaintiff's award will not be reduced on this ground.

[4]28 U.S.C. § 1920 provides that "A judge or clerk of any court of the United States may tax as costs the following:

U.S. Dist. LEXIS 8781 (N.D. Ill. 2003) (denying non taxable costs under 29 U.S.C. § 1132(g)(2)). As such, costs incurred for phone calls, delivery services, postage, travel expenses, and research, are not recoverable. *See, e.g., Stark*, 2003 U.S. Dist. LEXIS at *22-24; *Upstate N.Y. Bakery Drivers & Indus. Pension Fund v. Colony Liquor Distribs. Inc.*, 993 F. Supp. 146, 150 (N.D.N.Y. 1998); *see also*, *Tunnel v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 28163 (E.D. Va. 2005); *Sun Publishing Co. Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1525 (E.D. Va. 1984). Furthermore, a cost award may be denied or reduced where, as here, a cost submission with respect to photocopies, faxes, and postage expenses does not adequately detail the expenses incurred. *See Stark*, 2003 U.S. Dist. LEXIS at *22-24.

Accordingly, these matters, taken together, make it appropriate to reduce plaintiff's costs to $786.20, consisting chiefly of court filing fees and reporting charges.

For the foregoing reasons, and for good cause shown,

It is **ORDERED** that plaintiff's petition for attorney's fees and costs is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** insofar as attorney's fees are awarded against defendant in the amount of $22,500.00 and costs are awarded against defendant in the amount of $786.20. It is **DENIED** in all other respects.

As this resolves all outstanding matters in this case, the Clerk is **DIRECTED** to place

---

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

this matter among the ended causes.

  The Clerk is further directed to send a copy of this Order to all counsel of record.



              _____/s/_____

Alexandria, Virginia           T. S. Ellis, III
September 20, 2006          United States District Judge